POITEVENT & FAVRE LUMBER CO. v. HONEY ISLAND LAND & TIMBER CO.†

(Circuit Court of Appeals, Fifth Circuit.   March 1, 1910.)

No. 1,923.

1. QUIETING TITLE (§ 12*)—RIGHT OF ACTION—TITLE AND POSSESSION.
    A bill to quiet title, alleging ownership and possession in complainant, cannot be maintained, where the proof shows possession in defendant under a claimed title when the suit was commenced.

    [Ed. Note.—For other cases, see Quieting Title, Cent. Dig. § 8; Dec. Dig. § 12.*

    Necessity of possession in suits to quiet title, see note to Jackson v. Simmons, 39 C. C. A. 522.]

2. TAXATION (§ 804*)—TAX TITLE—VALIDATION—LOUISIANA CONSTITUTION.
    Const. La. 1898, art. 233, providing that suits to annul tax titles on sales theretofore made shall be brought within three years from the adoption of the Constitution, which as construed by the Supreme Court of the state operates merely as a bar by limitation, is not available to sustain a suit based on such a tax title, where within the three years the land was ju-

dicially sequestered in a succession, and remained in the custody of the court until just prior to the commencement of the suit.

[Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1590; Dec. Dig. § 804.*]

Appeal from the Circuit Court of the United States for the Eastern District of Louisiana.

Suit in equity by the Poitevent & Favre Lumber Company against the Honey Island Land & Timber Company. Decree for defendant, and complainant appeals. Affirmed.

B. M. Miller, for appellant.

E. Howard McCaleb, for appellee.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

PER CURIAM. Under the repleading in the Circuit Court, the suit before us is one by Poitevent & Favre Lumber Company, alleging itself to be the owner and in possession of a certain tract of land in St. Tammany parish, La., to remove clouds from title.

The answer denies both ownership and possession. The proof shows only constructive possession by any party up to July 23, 1900, when the land was judicially sequestered in the succession of E. B. Benton, a former owner, and taken into the possession of the Twenty-Sixth judicial district court for the parish of St. Tammany, where it remained until March 16, 1904, when by order of the civil district court for the parish of Orleans, Charles J. Hillard, who purchased for the account and benefit of the Honey Island Land & Timber Company at a judicial sale under executory process issued by that court, was put in possession by the sheriff of St. Tammany parish.

Without showing any divestiture of the Honey Island Land & Timber Company, this suit was brought July 21, 1904, so that at the beginning of this suit it appears that possession under claimed title was in the Honey Island Land & Timber Company. The tax title under which complainant claims was recorded June 14, 1897, and appears to have been voidable, under the then existing laws of the state of Louisiana in relation to tax sales, for defective assessments.

Article 233 of the Constitution of Louisiana of 1898, under which complainant claims a validation of his tax title, provides for a suit to annul as to tax sales theretofore made within three years from the adoption of the Constitution. As the property was judicially sequestered in the year 1900, and remained in the possession of the St. Tammany court until about the time this suit was brought, and as the said article 233 is held by the Supreme Court of Louisiana to be merely a bar by limitation (see Ashley v. Bradford, 109 La. 641, 33 South. 634), it would seem that said article 233 cannot avail complainant in this suit.

The judge of the Circuit Court filed no reasons for his decree dismissing the complainant's bill; but, for the above and other reasons argued at bar, we think his decision was correct, and should be affirmed. And it is so ordered.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes